IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jesus Concepcion, | C/A No. 6:25-cv-01532-BHH-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| John M. Mussetto, Kenneth Colon, | |
| Defendants. | |

This is a civil action filed by a *pro se* and *in forma pauperis* plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on March 10, 2025 (doc. 1). On June 4, 2025, the undersigned issued an order informing the plaintiff that his complaint was subject to dismissal as drafted and providing him with time to file an amended complaint to correct the deficiencies noted in the order (doc. 17). The plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the order, the undersigned would recommend that the claims be dismissed (*id*. at 4–5). The plaintiff has failed to file an amended complaint and the deadline has expired. Accordingly, the undersigned recommends that the instant matter be dismissed.

## **ALLEGATIONS**

The plaintiff, a pretrial detainee, filed this action seeking money damages from the defendants for matters unrelated to his current incarceration (doc. 1). The plaintiff alleges that the events giving rise to his complaint began in March 2022 (*id*. at 5). The plaintiff contends that he and his wife retained the defendants to represent them in a case

filed in the Greenville County Court of Common Pleas at case number 2022-CP-23-00240 (*id*. at 7).  The plaintiff alleges that he and his wife paid the defendants the full fee and provided them with clear evidence of their claims (*id*. at 8).  The plaintiff contends that neither attorney filed an answer on his or his wife's behalf after they were served (*id*.).

The plaintiff further alleges that the defendants lied to him and his wife about responding to the complaint (*id*. at 9).  Due to the defendants' actions of breaching their representation agreement with the plaintiff and his wife, a default judgment was entered against the plaintiff and his wife in the Greenville County Court of Common Pleas case and liens were placed on the plaintiff's properties (*id*.).  The plaintiff also contends that the judgments caused him to be unable to continue paying his New York attorney (*id*.).  For relief, the plaintiff seeks money damages (*id*. at 10).

In response to the Court's Special Interrogatories that were filed as an attachment to the plaintiff's complaint, the plaintiff indicated that jurisdiction in this case is based on federal question jurisdiction (doc. 1-2 at 1).  The plaintiff also indicated that he was only bringing claims in this action on his behalf – and not on behalf of his wife (*id*. at 1–2).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

As noted above, the plaintiff filed the instant action seeking damages from the defendants. As addressed below, the plaintiff's complaint is subject to dismissal. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There are two types of federal jurisdiction: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction arises when the case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction, on the other hand, is conferred upon the Court when a suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Here, as noted above, the plaintiff indicated in response to Court's Special Interrogatories that he brought this action based on federal question jurisdiction and not based on diversity jurisdiction (doc. 1-2 at 1). However, the allegations in the plaintiff's complaint do not show that this case arises under the "Constitution, laws or treaties of the United States" for purposes of federal question jurisdiction. 28 U.S.C. § 1331. Indeed, the plaintiff asserts that the defendants breached a contract by failing to appear and represent him in a civil action

in the South Carolina state court (and by lying to the plaintiff about appearing in the state court action) (doc. 1 at 7–9). Such a claim does not involve the application of federal law – as breach of contract is a state law cause of action. *See Baldwin v. State Farm Fire & Casualty Co.*, C/A No. 0:24-cv-00319-JFA-SVH, 2024 WL 4792050, at *2 (D.S.C. Oct. 18, 2024) (recognizing that breach of contract is a state law cause of action). Accordingly, because the plaintiff's complaint fails to assert a cause of action under federal law for purposes of federal question jurisdiction (and he has specifically asserted that his claims are not based on diversity jurisdiction in this action), the instant matter is subject to dismissal for lack of subject matter jurisdiction.

## RECOMMENDATION

By order issued June 4, 2025, the undersigned provided the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to timely file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment (doc. 17). The plaintiff has failed to file an amended complaint within the time provided. As such, in addition to the reasons discussed herein, this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Therefore, in light of the plaintiff's failure to respond to this court's order regarding amendment, the undersigned recommends that the district court dismiss this action *with* prejudice, without further leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court

dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the following page**.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald  
United States Magistrate Judge

July 1, 2025  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).